McMYLER v. UNION CASUALTY & SURETY CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. PLATE-GLASS INSURANCE—NONEXISTENCE OF SUBJECT-MATTER—EVIDENCE—
SUFFICIENCY.
    In an action on a plate-glass insurance policy, evidence that defend-
ant's inspector viewed the glass on the day when it issued the policy, and
discovered a hole near its center, does not show that the glass was not
in existence at the time of the issuance of the policy.

2. SAME—BROKEN GLASS—INSURABILITY.
    Where a plate-glass insurance policy contains no provision that the
glass must be without hole or perforation when insured, a hole through
a pane of glass does not render it uninsurable under such policy.

3. SAME—DESTRUCTION OF GLASS—CAUSE.
    The fact that a pane of glass had a hole in its center at the time of
the issuance of insurance thereon does not show that a break in the
glass from top to bottom one week thereafter was in consequence of, or
connected with, such hole.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Thomas McMyler against the Union Casualty & Surety
Company.   From a judgment for defendant, plaintiff appeals.   Re-
versed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

A. J. Barrett, for appellant.
John Mott Stearns, for respondent.

MacLEAN, J.   The plaintiff sought recovery for a broken pane
of plate glass upon a policy of insurance issued to him by the de-
fendant.   The defendant contended that the glass in question was
broken before the policy was issued; that it, too late, it would seem,
had requested return of the policy in order to exempt this particular
pane from its application; and that there can be no liability where
the subject-matter is not in existence when the policy is issued.
There is no evidence of representations of any kind by the assured,
while it does appear that the defendant, by its inspector, viewed the
glass on the day when it issued the policy, and discovered that "it
was broken by a hole through it   *   *   *   about the center of the
glass,   *   *   *   covered by a telephone sign   *   *   *   a glass bell
sign   *   *   *   that was cemented onto the glass."   On cross-exam-
ination the inspector was asked, "You found what kind of a break,
*   *   *   a perforation?"   And he answered, "A perforation in the
glass."   This surely does not show that the glass was not in exist-
ence at the time of the issuance of the policy;   nor does it show
that it was damaged and not insurable under the terms of the policy,
for its terms nowhere recite that the glass must be without hole or
perforation when insured;   nor does it prove that the break one
week thereafter, when, as the bartender and general manager, the
plaintiff testified:   "The whole business was broken.   *   *   *   It
was broken right through from the top to the bottom;   broke in
about four parts"—was in consequence of or connected with the

hole or perforation earlier discovered by the defendant. The judg-
ment in favor of the defendant must therefore be reversed, and a
new trial ordered, with costs to abide the event.

Judgment reversed and a new trial ordered, with costs to the ap-
pellant to abide the event. All concur.